IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAKOTA D. BLOUNT,

       Plaintiff,               No. 2:13-cv-0311 KJN P

   vs.

R. ARAGON, et al.,

       Defendants.       ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       On March 22, 2013, plaintiff was directed to file a certified trust account statement and completed in forma pauperis application.  On April 16, 2013, plaintiff complied with that order.[1]  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

---

   [1] Plaintiff also filed a motion for extension of time to comply with the March 22, 2013 order.  However, because plaintiff has filed the appropriate documents, plaintiff's request for extension of time is denied as moot.

1    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

2  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

3  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

4  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

5  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

6  make monthly payments of twenty percent of the preceding month's income credited to

7  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

8  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

9  fee is paid in full.  28 U.S.C. § 1915(b)(2).

10    The court is required to screen complaints brought by prisoners seeking relief

11  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

12  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

13  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

14  granted, or that seek monetary relief from a defendant who is immune from such relief.

15  28 U.S.C. § 1915A(b)(1),(2).

16    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

23  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

24  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

25  1227.

26  ////

2

1      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

2  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

3  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

4  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

5  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

6  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

7  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

8  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

9  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

10  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

11  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

12  as true the allegations of the complaint in question,  id., and construe the pleading in the light

13  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

14  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

15      Plaintiff alleges that defendant Aragon used his heel to kick plaintiff in the back,

16  smashed his fist into plaintiff's jaw, and, with defendant Vasquez' assistance, took plaintiff down

17  by his neck.  Plaintiff then states that "these two deputies [were] the other half of the [tug of war]

18  with [his] body by the four of them."  (Dkt. No. 1 at 3.)  Plaintiff seeks money damages.  In the

19  attachment, plaintiff states that he is incarcerated on a different case from the allegations set forth

20  in the instant complaint.  (Dkt. No. 1 at 4.)

21      It appears that plaintiff is proceeding solely with an excessive force claim against

22  defendants.  However, if this is not the case, plaintiff should clearly identify the nature of his

23  claims and the defendants involved in each claim in any amended complaint he elects to file.

24      As to his excessive use of force claim, in any amended complaint plaintiff must

25  allege facts clarifying whether he is claiming that excessive force was used before his arrest, after

26  his arrest but while he was in police custody, or after his arraignment on criminal charges.

1    Plaintiff must also allege facts regarding the circumstances surrounding the alleged use of force

2    by each defendant, such as, whether plaintiff had been fleeing to avoid arrest, whether he was

3    resisting, and/or whether he was complying with officer's orders at the time force was used.

4         Plaintiff is also advised of the following legal standard governing an excessive use

5    of force claim.  "The Due Process [C]lause protects pretrial detainees from the use of excessive

6    force that amounts to punishment."  Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir.

7    2002).  In analyzing Fourteenth Amendment claims for excessive force, the Ninth Circuit has

8    adopted the Fourth Amendment objective reasonableness standard.  See id.; see also Graham v.

9    Connor, 490 U.S. 386, 395 (1989).  Under this standard, "'[t]he force which [i]s applied must be

10   balanced against the need for that force:  it is the need for force which is at the heart of the

11   Graham factors.'"  Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting

12   Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)).  See also

13   Bryan v. MacPherson, 630 F.3d 805, 823 (9th Cir. 2010).

14        In analyzing the nature and quality of the intrusion on an individual's Fourth

15   Amendment interests, the court must consider both the type and the amount of force used.  The

16   court must also "examine the totality of the circumstances and consider 'whatever specific

17   factors may be appropriate in a particular case, whether or not listed in Graham.'"  Bryan, 630

18   F.3d at 824 & 826.  For example, the court may appropriately consider whether a warning was

19   given before force was used.  See Deorle v. Rutherford, 272 F.3d 1272, 1285 (9th Cir. 2001)

20   ("Less than deadly force that may lead to serious injury may be used only when a strong

21   governmental interest warrants its use, and in such circumstances should be preceded by a

22   warning, when feasible.").  "Force is excessive when it is greater than is reasonable under the

23   circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S.

24   386).

25        The court finds the allegations in plaintiff's complaint so vague and conclusory

26   that it is unable to determine whether the current action is frivolous or fails to state a claim for

4

1    relief.  The court has determined that the complaint does not contain a short and plain statement

2    as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

3    policy, a complaint must give fair notice and state the elements of the claim plainly and

4    succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

5    allege with at least some degree of particularity overt acts which defendants engaged in that

6    support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

7    R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

8    an amended complaint.

9            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

10   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

11   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms

12   how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983

13   unless there is some affirmative link or connection between a defendant's actions and the

14   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

15   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

16   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

17   268 (9th Cir. 1982).

18           In addition, plaintiff is hereby informed that the court cannot refer to a prior

19   pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

20   an amended complaint be complete in itself without reference to any prior pleading.  This

21   requirement exists because, as a general rule, an amended complaint supersedes the original

22   complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

23   complaint, the original pleading no longer serves any function in the case.  Therefore, in an

24   amended complaint, as in an original complaint, each claim and the involvement of each

25   defendant must be sufficiently alleged.

26   ////

In addition, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Thus, plaintiff's motion is denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's April 12, 2013 motion for extension of time (dkt. no. 10) is denied as moot.

4. Plaintiff's complaint is dismissed.

6

1          5.  Within thirty days from the date of this order, plaintiff shall complete the

2   attached Notice of Amendment and submit the following documents to the court:

3                    a.  The completed Notice of Amendment; and

4                    b.  An original and one copy of the Amended Complaint.

5   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

6   Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

7   also bear the docket number assigned to this case and must be labeled "Amended Complaint."

8   Failure to file an amended complaint in accordance with this order may result in the dismissal of

9   this action.

10          6.  Plaintiff's April 16, 2013 motion to appoint counsel (dkt. no. 12) is denied

11   without prejudice.

12   DATED:  May 1, 2013

13

14

15                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

16   blou0311.14

17

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAKOTA D. BLOUNT,

11              Plaintiff,                     No. 2:13-cv-0311 KJN P

12        vs.

13   R. ARAGON, et al.,                        NOTICE OF AMENDMENT

14              Defendants.

15   _____/

16              Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18              _____        Amended Complaint

19   DATED:

20

21                                      _____

22                                      Plaintiff

23

24

25

26