UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKOTA D. BLOUNT, | No. 2:13-cv-0311 KJN P |
| Plaintiff, | |
| v. | ORDER |
| R. ARAGON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, in this action seeking relief pursuant to 42 U.S.C. § 1983.

On December 12, 2013, the court ordered the United States Marshal to serve process upon the defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On February 26, 2014, the United States Marshal filed a return of service with a USM-285 form showing total charges for effecting personal service on defendants Mrozinski, Aragon, and

Grassman.  (ECF No. 29.)  The form shows that a waiver of service form was mailed to the defendants on December 13, 2013, and that no response was received.  On February 27, 2014, the United States Marshal filed a return of service with a USM-285 form showing total charges for effecting personal service on defendant Vasquez.  (ECF No. 31.)  The form shows that a waiver of service form was mailed to the defendant on December 13, 2013, and that no response was received.

Service charges for defendants Aragon and Mrozinski were $65.00 each; service charges for defendants Grassman and Vasquez were $66.12 each.  (ECF No. 29, 31.)

Rule 4(d) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. . . .
>
> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)  the expenses later incurred in making service; and
>
> (B)   the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(1), (2)(A), (B).

The court finds that defendants were given the opportunity required by Rule 4(d) to waive service and failed to comply with the request.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendants Aragon and Mrozinski shall each pay to the United States Marshal the sum of $65.00 unless within that time defendant files a written statement showing good cause for his failure to waive service.  The court does not intend to extend this fourteen day period.

2. Within fourteen days from the date of this order, defendants Grassman and Vasquez shall each pay to the United States Marshal the sum of $66.12 unless within that time defendant files a written statement showing good cause for his failure to waive service.  The court does not intend to extend this fourteen day period.

3.  The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, and the Sacramento County Counsel, 700 H Street, Suite 2650, Sacramento, CA 95814, and on each defendant, addressed as follows: Ramon Aragon, Mrozinski #945, Grassman #652, and G. Vasquez #01093, at the Sacramento County Jail, 711 G Street, Sacramento, CA 95814.

Dated: April 28, 2014

/blou0311.taxcost

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE