1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAKOTA BLOUNT,                          No.  2:13-cv-0311 KJN P

12                Plaintiff,

13        v.                                 ORDER AND REVISED SCHEDULING
                                             ORDER
14   RAMON ARAGON, et al.,

15                Defendants.

16

17        The instant action is proceeding on plaintiff's amended complaint, filed July 9, 2013.

18   (ECF No. 18.)  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

19   U.S.C. § 636(c).  By order filed August 29, 2013, the undersigned found that plaintiff stated a

20   cognizable claim for relief based on his allegations that defendants used excessive force in

21   violation of the Eighth Amendment.  On August 6, 2014, plaintiff filed two motions for punitive

22   damages, negligence, false imprisonment, personal injury, and cruel and unusual punishment.

23   (ECF Nos. 39, 40.)

24        First, plaintiff is advised that he cannot amend his complaint by filing a motion for

25   damages.  Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

26            A party may amend its pleading once as a matter of course within:

27                (A) 21 days after serving it, or

28   ////

                                              1

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. Here, plaintiff has amended once as a matter of right, and defendants have filed a responsive pleading.  If plaintiff seeks to amend to add causes of action, he must file a motion entitled motion to amend and append a proposed second amended complaint.  On May 19, 2014, the court issued a scheduling order.  Thus, in order to seek leave to amend at this stage of the proceedings, plaintiff must first demonstrate good cause and diligence.  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

Second, to the extent plaintiff seeks to raise state law claims in any proposed second amended complaint, he is cautioned that he cannot do so unless he has timely complied with the following.  Before a state law claim can be brought in state or federal court, the California Tort Claims Act requires that a claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Govt. Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1245, 13 Cal.Rptr.3d 534 (2004); Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 13 Cal.Rptr.3d 534; Mangold, 67 F.3d at 1477.  If the claim is rejected, the claimant thereafter has six months to file a lawsuit.  Cal. Govt. Code § 945.6.  While the district court has discretion to exercise jurisdiction over supplemental state law claims, such discretion can only be exercised if the claim is timely brought under California law.

////

2

1    Third, in his amended complaint, plaintiff sought monetary damages, including punitive

2  damages; therefore, plaintiff is not required to again move for such damages.

3    Fourth, within his second motion, plaintiff references a "Pitchess motion." (ECF No. 39

4  at 2.)  A Pitchess motion is the procedural method established in Pitchess v. Superior Court, 11

5  Cal.3d 531, 113 Cal. Rptr. 897 (1974), and later codified by California Penal Code § 832.7, which

6  provides that "peace officer or custodial officer personnel records and records maintained by any

7  state or local agency pursuant to Section 832.5, or information obtained from these records, are

8  confidential and shall not be disclosed in any criminal or civil proceeding except by discovery

9  pursuant to Sections 1043 and 1046 of the Evidence Code."[1]

10    However, matters going to discovery procedural issues are entirely federal in nature.  See

11  Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide:  Federal Civ. Proc. Before Trial § 1:284

12  (2013).  "[D]iscovery, as a procedural matter, is governed in a federal court only by the Federal

13  Rules of Civil Procedure and state discovery practices are irrelevant. See 8 Wright & Miller,

14  Federal Practice and Procedure: Civil § 2005 (1970)."  American Ben. Life Ins. Co. v. Ille, 87

15  F.R.D. 540, 542 (D.C. Okla. 1978).  Determination of relevance, for example, is a federal matter.

16    Here, plaintiff's motion is very general, and references negligence claims that are not at

17  issue in this federal action.  Moreover, the motion is not limited in time or scope.  Plaintiff is

18  advised that discovery requests must be specific and comply with the Federal Rules of Civil

19  Procedure.  In addition, plaintiff is advised that he may ask defendants about prior incidents of

20  excessive force through interrogatories.  Fed, R. Civ. P. 33.

21  ////

---

[1]  California Evidence Code § 1043 provides in part:

> (a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records ... the party seeking the discovery or disclosure shall file a written motion with the appropriate court or 1administrative body ...

> The motion shall include . . . (3) Affidavits showing good cause for the discovery or disclosure sought. . . .

California Evidence Code § 1046 pertains to cases alleging excessive force by a police officer, which requires the moving party to include a copy of the police or incident report to the motion.

1    For all of the above reasons, plaintiff's motions are denied without prejudice.

2    On August 7, 2014, defendants filed a motion to modify the discovery and scheduling

3  order.  (ECF No. 41.)  Initially, under penalty of perjury, plaintiff informed the court that he was

4  incarcerated on a different case, unrelated to the allegations at issue herein.  (ECF No. 1 at 4.)

5  However, defendants have since learned that plaintiff was convicted on charges arising from the

6  May 3, 2011 incident at the Sacramento County Jail.  (ECF No. 41 at 5.)  Defendants seek a 120

7  day extension of the discovery and pretrial motions deadline in order to obtain the jury trial

8  transcript, sentencing and conviction information from People v. Blount, Case No. 11-M03402

9  (Sacramento County Superior Court), and to determine the effect of such case herein.

10    "The district court is given broad discretion in supervising the pretrial phase of litigation."

11  Mammoth Recreations, Inc., 975 F.2d at 607 (citation and internal quotation marks omitted).

12    In light of the denial of plaintiff's Pitchess motion, and good cause appearing for

13  defendants' request, the request to modify the discovery and scheduling order is granted.

14    Accordingly, IT IS HEREBY ORDERED that:

15    1.  Plaintiff's motions (ECF Nos. 39, 40) are denied without prejudice;

16    2.  Defendants' motion to modify the discovery and scheduling order (ECF No. 41) is

17  granted; and

18    3.  The parties may conduct discovery until January 5, 2015.  Any motions necessary to

19  compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ.

20  P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.  All pretrial motions,

21  except motions to compel discovery, shall be filed on or before April 1, 2015.  In all other

22  respects, the May 19, 2014 discovery and scheduling order remains in effect.

23  Dated:  August 12, 2014

24

25  /blou0311.41r

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26

27

28

4